UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDERPAL SINGH, Individually and on Behalf of All Others Persons Similarly Situated;<br><br>Plaintiff,<br><br>v.<br><br>YUHE INTERNATIONAL, INC., GAO ZHENTAO, HU GANG, JIANG YINGJUN, PETER LI, LIU YAOJUN, GREG HUETT, HAN CHENGXIANG, CHILD VAN WAGONER & BRADSHAW, PLLC, ROTH CAPITAL PARTNERS, LLC, RODMAN & RENHAW, LLC, and BREAN, MURRAY, CARRET & CO.<br><br>Defendants. | No.11-CV-04526-JGK<br><br>ECF CASE |

**MEMORANDUM IN SUPPORT OF MOTION OF aAd PARTNERS LP
FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF
<u>SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL FOR THE CLASS</u>**

#124464

aAd Partners LP ("aAd Partners") respectfully submits this memorandum in support of its motion for: (1) appointment of aAd Partners as Lead Plaintiff, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approval of its selection of the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class.

## I. PRELIMINARY STATEMENT

This federal securities class action lawsuit arises from allegations concerning violations of Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§77k, 77l(a)(2) and 77o) and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) by: Yuhe International, Inc. ("Yuhe" or the "Company"); certain of its officers and directors; underwriters Roth Capital Partners, LLC, Rodman & Renshaw, LLC, and Brean Murray, Carret & Co.; and its accountant Child, Van Wagoner & Bradshaw, PLLC (collectively, "Defendants").  This case is brought on behalf of: (1) purchasers of Yuhe's common stock from December 31, 2009 through and including June 17, 2011 (the "Class Period") for violations of the Exchange Act; and (2) purchasers in Yuhe's public offering, commencing in October 2010, of more than $25 million in common stock (the "October Offering").

Defendants caused the prices of the Company's publicly traded securities to be artificially inflated by issuing false and misleading statements about the Company and suppressing information that was highly material to the investing public before the IPO and throughout the Class Period.  In particular, the Company made false public disclosures, which persisted for over a year, related to the Company's purported acquisition of 13 breeder farms, and the Company's

Chairman and CEO's diversion and misappropriation of corporate funds intended for the purported acquisition.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

aAd Partners believes it is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of investors in this action. aAd Partners believes it has the largest financial interest in this litigation of any qualified movant in the relief sought in this action by virtue of, among other things, the more than $4.5 million loss on its investment in Yuhe securities. As required by the PSLRA, a copy of the Certification setting forth the transactions of aAd Partners in Yuhe securities is attached as Exhibit B to the Declaration of Thomas C. Bright (the "Bright Decl."). aAd Partners also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of those of other Class members and because it will adequately represent the Class. aAd Partners is a sophisticated institutional investor, which were favored by Congress for the role of Lead Plaintiff when it enacted the PSLRA, and is ideally suited to carry out the duties of Lead Plaintiff.

Finally, aAD Partners fully understands a Lead Plaintiff's duties to the Class under the PSLRA and Rule 23, and is willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to ensure vigorous prosecution of this action. aAd Partners has selected Gold Bennett Cera & Sidener LLP, a law firm with substantial experience in prosecuting securities

class actions, to serve as Lead Counsel for the Class.  Accordingly, aAd Partners respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Yuhe is a Nevada Corporation with its principal executive offices in Shandong Province, People's Republic of China.  Yuhe primarily supplies day-old broiler chickens, to broiler farms and integrated chicken companies that engage in the breeding, hatching, farming, slaughtering and food processing of broilers, to raise them to market-weight broilers.  The Company's stock was actively traded on the NASDAQ under ticker "YUII."

The pending case is a class action brought on behalf of persons and/or entities who purchased or acquired Yuhe securities between December 31, 2009 and June 17, 2011, inclusive (the "Class Period"), and are pursuing remedies under the Securities Act of 1933 and the Securities Exchange Act of 1934.

This case alleges that the Company's officers and directors issued materially false and misleading information to investors about the financial and business condition of the Company.  Specifically, the Company made false public disclosures for over a year, related to: (1) the Company's purported acquisition of 13 breeder farms from Weifang Dajiang; and (2) Defendant Gao's, the Company's Chairman and CEO, diversion and misappropriation of corporate funds intended for the purported acquisition into accounts over which he had control, without the knowledge of the Board or the CFO.  These actions demonstrated that the Company lacked adequate internal controls related to disclosure and financial reporting.  As a result, the Company's financial statements were materially false and misleading during the Class Period.

Additionally, during a conference call on June 17, 2011, the Company admitted it deliberately failed to make truthful public disclosures of material public information because of management's belief that truthful disclosure would negatively impact the Company's stock.  In

reaction to this news, Yuhe's stock price dropped 38%, from its previous close of $2.12 per share to close at $1.21 per share when NASDAQ halted trading in the Company's stock shortly after the markets opened on June 17, 2011.

On June 23, 2011, the Company filed an 8-K with the SEC announcing that the Company's auditor has resigned. The auditor's letter to the Company's audit committee stated: "Based on management's misrepresentation and failure to disclose material facts surrounding certain acquisition transactions and off balance sheet related party transactions, our auditor's report on the financial statements of Yuhe International, Inc. (Commission File NO. 001-34512) for the year ended December 31, 2010 (reported dated March 31, 2011) should no longer be relied upon and must no longer be associated with the financial statements."

On June 28, 2011, the Company received a letter from the NASDAQ's Listing Qualifications Department stating that the continued listing of the Company's stock on the NASDAQ is no longer warranted for many of the reasons discussed above. NASDAQ officially de-listed the Company's shares effective at the open of business on Thursday, July 21, 2011.

### III. ARGUMENT

#### A. aAd Partners Should Be Appointed Lead Plaintiff

aAd Partners respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3); 15 U.S.C. §78u-4(a)(3)(B); *see also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-098 (S.D.N.Y. 2005).

### 1. aAd Partners Believes It Has The Largest Financial Interest

aAd Partners should be appointed Lead Plaintiff because it believes it has the largest financial interest among those seeking appointment as Lead Plaintiff.  15 U.S.C. §77z-4(a)(3)(B)(iii); 15 U.S.C. §78u-4(a)(3)(B)(iii).  Courts generally consider four factors to determine which movant has the largest financial interest in the litigation: (1) the gross number of securities purchased during the Class Period; (2) the net number of securities purchased during the Class Period; (3) the net funds paid for the security during the Class Period; and (4) the approximate loss suffered.  *See, e.g., Glauser*, 236 F.R.D. at 187; *In re eSpeed*, 232 F.R.D. at 100.  Based on these factors, aAd Partners believes it has the largest financial interest in the outcome of this lawsuit.

As aAd Partners' Certificate indicates, annexed as Exhibit B to the Bright Declaration, it purchased 850,000 Yuhe common shares during the Class Period.  *See* Bright Decl., Exhibit B.  aAd Partners had a net expenditure of $ $4,962,273.88 for Yuhe common shares and suffered a loss of $4,558,080.75 on a FIFO or LIFO basis.[1]

aAd Partners' financial interest in this litigation can be summarized as follows:

| FACTOR | aAd PARTNERS |
|---|---|
| Total Purchases | 850,000 Shares |
| Net purchases | 450,000 Shares |
| Net expenditures | $4,962,273.88 |
| FIFO loss ("first in, first out") | $4,558,080.75 |
| LIFO loss ("last in, first out") | $4,558,080.75 |

---

[1] For purposes of this calculation, aAd Partners' remaining 19,178 shares were assigned a value of $1.10, the closing price on August 22, 2011.

#124464                       5

Based on these numbers, aAd Partners believes that it has the largest financial interest of any movant seeking appointment as Lead Plaintiff.

### 2. aAd Partners Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules of Civil Procedure

aAd Partners should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. A Lead Plaintiff movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998)); *see also In re eSpeed*, 232 F.R.D. at 102 (same). aAd Partners unquestionably satisfies both requirements in this case.

"Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). aAd Partners' claims arise from the same course of misconduct as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of Yuhe shares caused by defendants' false representations. *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby"); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim").

The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another," "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally

#124464                                                                6

able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. aAd Partners satisfies each of these elements of the adequacy requirement. Its interests are aligned with those of the other Class members and are not antagonistic in any way. Indeed, aAd Partners seeks identical relief on identical claims based on identical legal theories. There are no facts suggesting that any actual or potential conflict of interest exists between aAd Partners and other Class members. aAd Partners has also submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this class action. *See* Bright Decl., Exhibit B. Through that Certification, aAd Partners has accepted the fiduciary obligations undertaken by a Lead Plaintiff.

In addition, aAd Partners is the type of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA: a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005); *Glauser*, 236 F.R.D. at 188.

aAd Partners has further demonstrated their adequacy through their selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and the law firm of Cohen Milstein Sellers & Toll PLLC as Liaison Counsel to represent the Class. As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified and has demonstrated its ability to effectively litigate securities class action cases.

### B.   The Court Should Approve aAd Partners' Choice Of Lead Counsel And Liaison Counsel

The Court should approve aAd Partners' choice of the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel.  Pursuant to Section 27(a)(3)(B)(v) of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B)(v), and Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval.  For more than 30 years, Gold Bennett Cera & Sidener LLP has played a leading role in significant securities cases, recovering more than $2 billion for its clients.  A copy of Gold Bennett Cera & Sidener LLP's resume is annexed to the Bright Declaration as Exhibit C.  Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an excellent result for the Class.  *See* Bright Decl., Exhibit C.  Indeed, the court in *In re Rent-Way Sec. Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by the firm, stated as follows:

> Having thus initially expressed our confidence in [Gold Bennett Cera & Sidener's] abilities, the Court has not since been disappointed. On the contrary, [Gold Bennett Cera & Sidener] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

aAd Partners also requests that Cohen Milstein Sellers & Toll PLLC be appointed as Liaison Counsel.  This firm likewise has broad experience and success in prosecuting securities fraud class actions in the Southern District of New York and elsewhere.  Details of Cohen Milstein Sellers & Toll PLLC's experience are set forth in the firm's resume, annexed as Exhibit D to the Bright Declaration.

Accordingly, the Court should approve aAd Partners' selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class.

**IV.    CONCLUSION**

For the foregoing reasons, aAd Partners respectfully requests that the Court: (1) appoint aAd Partners as Lead Plaintiff pursuant to the PSLRA; and (2) approve its selection of the law firms of Gold Bennett Cera & Sidener LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class.

Dated: August 23, 2011                                  Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/Kenneth M. Rehns
Kenneth M. Rehns (krehns@cohenmilstein.com)
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

Proposed Liaison Counsel

**GOLD BENNETT CERA & SIDENER LLP**
Solomon B. Cera (scera@gbcslaw.com)
(*Pro Hac Vice* forthcoming)
Thomas C. Bright (tbright@gbcslaw.com)
(*Pro Hac Vice* forthcoming)
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: ( 415) 777-2230
Fax: (415) 777-5189

Attorneys for aAd Partners LP
Proposed Lead Counsel for the Class

**CERTIFICATE OF SERVICE**

      I, Kenneth M. Rehns, liaison counsel for the Plaintiff, hereby certify that on August 23 2011, I filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send electronic notification of such filing to all counsel of record in the within action. Furthermore, a copy of the foregoing was delivered to all counsel of record in the related actions via electronic mail.

                                              /s/Kenneth M. Rehns
                                              Kenneth M. Rehns