**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| INDERPAL SINGH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 11-cv-4526-JGK <br><br> CLASS ACTION |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAIWU CHEN TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL |
| v. | |
| YUHE INTERNATIONAL, INC., GAO ZHENTAO, HU GANG, JIANG YINGJUN, PETER LI, LIU YAOJUN, GREG HUETT, HAN CHENGXIANG, CHILD VAN WAGONER & BRADSHAW, PLLC, ROTH CAPITAL PARTNERS, LLC, RODMAN & RENHAW, LLC, and BREAN, MURRAY, CARRET & CO. | |
| Defendants. | |

---------------------------------------------------------------X

Daiwu Chen ("Movant"), respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

1

(1) appointing Movant as Lead Plaintiff for the class of all purchasers of the common stock of Yuhe International, Inc. ("Yuhe", or the "Company") during the period between December 31, 2009 and June 23, 2011, inclusive (the "Class Period"); and

(2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Yuhe purports to be a supplier of day-old chickens raised for meat production or broilers. The Company primarily supplies day-old broilers, to broiler farms and integrated chicken companies that partake in the breeding, hatching, farming, slaughtering and food processing of broilers, in order to raise them to market-weight broilers. Throughout the Class Period, Yuhe's stock was actively traded on the NASDAQ under the ticker symbol ("YUII").

On June 24, 2011 the first of these actions, *Wilson v. Yuhe International, Inc. et al.,* No. 11-cv-22305-PAS was filed by the Rosen Law Firm, P.A. in U.S. District Court for the Southern District of Florida. That same day, the Rosen Law Firm issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

On July 1, 2011, this related action was filed in this Court. The same day, another related action commenced was filed in U.S. District Court for the Central District of California, *Jeff Feyko v. Yuhe International, Inc. et al.,* Case No. 11-cv-5511-DDP (PJWx). Consequently, Movant has filed substantially similar lead plaintiff motions in Californi and New York.

All the related actions allege that during the Class Period, the Company issued materially false and misleading statements about its Company's financial condition and failed to disclose

material adverse facts about the Company's business, operations, prospects, performance and internal controls.

On or about June 16, 2011, an investigative report (the "Report") concerning Yuhe International, Inc., was published on a market research website, entitled GeoInvesting.com. The Report stated, in part that Yuhe fabricated its supposed purchase agreements made with Weifang Daijiang Corporation so as to present a "strong front and solid business for its SEC filings." Additionally, The Report cites transcripts of telephone calls which call into question the legitimacy of the claims Yuhe repeatedly made in its financial statements and statements made by its executive officers.

On June 23, 2011 the Company filed an 8-K with the SEC announcing that the Company's auditor had resigned. The 8-K also states that "Based on management's misrepresentation and failure to disclose material facts surrounding certain acquisition transactions and off balance sheet related party transactions, our auditor's report on the financial statements of Yuhe International, Inc. (Commission File No. 001-34512) for the year ended December 31, 2010 (report dated March 31, 2011) should no longer be relied upon and must no longer be associated with the financial statements."

As a result of the partial disclosures of the fraud during the Class Period, the actions assert that Yuhe investors have been damaged.

**ARGUMENT**

**I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as

Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, he should be appointed Lead Plaintiff.

### A. Movant is Willing to Serve as a Class Representative

Daiwu Chen has filed the instant motion and has submitted certification attesting to his willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial.  *See* Kim Decl., Ex. 2.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief

sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Mr. Chen has suffered losses of $366,419.98.[2] *See* Kim Decl., Ex. 3. Movant is not aware of any other movants that have suffered greater losses in Yuhe stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

[2] Movant uses the last trade price of the Company's stock on August 22, 2011 to determine the value of held shares: $1.10 a share.

>representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

Movant fulfills the requirements of Rule 23. Mr. Chen shares substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Yuhe's business and financial condition. Movant, as did all of the members of the class, purchased Yuhe shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute the related actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D.  Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interest of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. Movant is not aware of any unique defenses that defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Mr. Chen as Lead Plaintiff for the class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively

and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) appointing Movant as Lead Plaintiff of the class; (2) approving his selection of The Rosen Law Firm as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: August 23, 2011                               Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**


_____/s/ Phillip Kim_____
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 23rd day of August, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                         /s/ Phillip Kim