UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDERPAL SINGH, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>YUHE INTERNATIONAL, INC., GAO ZHENTAO, HU GANG, JIANG YINGJUN, PETER LI, LIU YAOJUN, GREG HUETT, HAN CHENGXIANG, CHILD VAN WAGONER & BRADSHAW, PLLC, ROTH CAPITAL PARTNERS, LLC, RODMAN & RENHAW, LLC and BREAN, MURRAY, CARRT & CO.,<br><br>  Defendants. | No. 1:11-cv-04526-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MRMP-MANAGERS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Movant MRMP-Managers LLC ("Movant") respectfully submits this memorandum of point and authorities in support of its motion for appointment as lead plaintiff and approval of lead counsel.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of Yuhe International, Inc., ("Yuhe" or the "Company") between December 31, 2009, and June 23, 2011,[1] inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") . Named as defendants are Yuhe and certain of the Company's executive officers. Yuhe engages in the supply of day-old chickens raised for meat production or broilers in the People's Republic of China. The Company purchases breeding stocks from primary breeder farms, raises them for hatching eggs, and sells live day-old broilers.

Plaintiffs allege that throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants misrepresented and/or failed to disclose that: (1) the Company had failed to execute a purchase agreement for its 2009 acquisition of thirteen breeder farms from Weifang Dajiang Corporation ("Weifang"); (2) the Company had not completely paid both the initial amount and remaining balance, totaling more

---

[1] Three securities class actions have been filed based on the same circumstances and events alleged herein and naming overlapping defendants. The first action, *Wilson, et al., v. Yuhe International, Inc., et al.*, Case No. 1:11-cv-22305-PAS, was filed June 24, 2011 in the Southern District of Florida ("*Wilson*"). In addition to *Wilson* and the above-captioned complaint, *Feyko, et al., v. Yuhe International Inc., et al.*, No. 11-cv-05511 DDP (PJWx), was filed July 1, 2011 in the Central District of California ("*Feyko*").

1

than $12 million total, of the agreement's total consideration to Weifang; (3) the Company lacked adequate internal and financial controls; and (4), as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On or about June 16, 2011, a research report was published on the Internet alleging that the Company had misrepresented the details concerning the foregoing acquisition of breeder farms from Weifang, and called into question the accuracy of the financial statements Yuhe had filed with the Securities and Exchange Commission during the Company's 2009 and 2010 fiscal years. Specifically, the report alleged that Yuhe never reached or executed an agreement with Weifang and that the $12.1 million deposit allegedly paid to acquire the farms may have been misappropriated.

Following this news, the Company's shares declined $2.12 per share, or nearly 52%, to close on June 16, 2011, at $1.96 per share, on unusually heavy trading volume.

On June 17, 2011, Yuhe hosted a conference call during which Company executives denied that it had misled investors, but admitted that the Company had failed to disclose that the acquisition for the thirteen breeder farms had not been completed. The Company further disclosed that when Weifang had decided not to execute the transaction, Yuhe's chairman and CEO – defendant Gao Zhentao ("Gao") – decided to put the $12.1 million deposit for the transaction into a private bank account. The Company claimed that these funds were subsequently used to purchase eleven different farms from another seller.

On this news, the price of Yuhe shares declined $0.75, or more than 38%, to close on June 17, 2011 at $1.21 per share, on unusually heavy trading volume, before trading of the Company's shares was halted later that day. Yuhe stock resumed trading July 21, 2011 at an opening price of $1.01.

## II. PROCEDURAL HISTORY

Plaintiff Adam Wilson ("Wilson") commenced the first-filed securities class action against Yuhe and certain of its executive officers on June 24, 2011, in the Southern District of Florida, and on that day counsel for Wilson published a notice on *Business Wire* announcing that a securities class action had been initiated against defendants herein. *See* Declaration of Elizabeth M. Gonsiorowski In Support of Motion of MRMP-Managers LLC for Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Gonsiorowski Declaration") at Exhibit A. In addition to the *Wilson* action and the above-captioned complaint, a related action was filed in the Central District of California (collectively the "Related Actions").

Movant files the instant motion pursuant to plaintiff Wilson's notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the June 24, 2011, notice.[2]

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice... ;

---

[2] Contemporaneously with this filing, Movant is filing similar motions for appointment as lead plaintiff in the *Wilson* action in the Southern District of Florida and in the *Feyko* action in the Central District of California.

>(bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>(cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that it is the "most adequate plaintiff" for the Class.

### 1. Movant Is Making A Motion In Response To A Notice

On June 24, 2011, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Adam Wilson published on *Business Wire* -- a widely circulated national business-oriented wire service – a notice of the pendency of plaintiff's case, announcing that a securities class action had been filed against Yuhe and certain of its executive officers, and advising purchasers of the Company's securities that they had until August 23, 2011, to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to Wilson's published notice, and submits herewith Movant's sworn certification attesting that MRMP-Managers LLC is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Gonsiorowski Declaration, Exhibit B.  Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2. Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  As demonstrated herein, Movant believes that it has the largest financial interest in this case among class members who filed timely applications

4

for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period,[3] Movant purchased 62,769 shares of Yuhe at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Movant has suffered financial losses of $459,290.21. *See* Gonsiorowski Declaration, Exhibit C. Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff claiming larger financial losses and, consequently, believes that it has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

---

[3] Movant's financial interest is calculated pursuant to the longest Class Period alleged in the Related Actions, defined by the *Wilson* complaint as December 31, 2009 through June 23, 2011. *See Miller v. Dyadic Intern., Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *3-4 (S.D. Fla. April 18, 2008) ("the longest, most inclusive class period is appropriate at this stage in the litigation because 'it encompasses more potential class members.'") (citation omitted).

"At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only make a 'preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23].'" *Ellenburg v. JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009) (Koeltl, J.) (quoting *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 115–16 (S.D.N.Y.2009)).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied "where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Yuhe. Movant, like all of the members of the Class, purchased Yuhe securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *See Id.*

Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant is not aware that any antagonism exists between Movant's claims and those asserted on behalf of the Class. Moreover, Movant also sustained substantial financial losses from its investments in Yuhe securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Gonsiorowski Declaration, Exhibit C.

### 4. MRMP-Managers LLC Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that MRMP-Managers LLC is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses – in excess of $459,000 – and believes it has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, MRMP-Managers LLC is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See Cavanaugh,* 306 F.3d at 733.

### B. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not

disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on Movant's behalf, and will retain this firm as plaintiffs' lead counsel in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Gonsiorowski Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

**IV.   CONCLUSION**

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) appointing MRMP-Managers LLC as lead plaintiff, (b) approving its selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: August 23, 2011                    GLANCY BINKOW & GOLDBERG LLP

By*:   s/ Elizabeth M. Gonsiorowski*
Elizabeth M. Gonsiorowski (EG1212)
30 Broad Street, Suite 1401
New York, New York 10004
Telephone:   (212) 382-2221
Facsimile:   (212) 382-3944
Email:  egonsiorowski@glancylaw.com

-and-

GLANCY BINKOW & GOLDBERG LLP

8

        Lionel Z. Glancy
        Michael Goldberg
        1801 Avenue of the Stars, Suite 311
        Los Angeles, California 90067
        Telephone:   (310) 201-9150
        Facsimile:    (310) 201-9160

        *Proposed Lead Counsel*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK LOCAL AND ECF RULES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California  90067.

On August 23, 2011, I caused to be served the following documents:

1. **MOTION OF MRMP-MANAGERS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MRMP-MANAGERS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

3. **DECLARATION OF ELIZABETH M. GONSIOROWSKI IN SUPPORT OF MOTION OF MRMP-MANAGERS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

4. **[PROPOSED] ORDER GRANTING MOTION OF MRMP-MANAGERS LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting the document to the ECF Website of the United States District Court for the Southern District of New York, for receipt electronically by the parties pursuant to the Court's ECF Mailing List.  And on the following  non-ECF registered party:

Sara Beth Brody
Sidley Austin LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200
Email: sbrody@sidley.com

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 23, 2011, at Los Angeles, California.

*S/ Elizabeth M. Gonsiorowski*
Elizabeth M. Gonsiorowski