UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDERPAL SINGH, Individually and on Behalf of All Others Persons Similarly Situated; <br><br> Plaintiff, <br><br> v. <br><br> YUHE INTERNATIONAL, INC., GAO ZHENTAO, HU GANG, JIANG YINGJUN, PETER LI, LIU YAOJUN, GREG HUETT, HAN CHENGXIANG, CHILD VAN WAGONER & BRADSHAW, PLLC, ROTH CAPITAL PARTNERS, LLC, RODMAN & RENHAW, LLC, and BREAN, MURRAY, CARRET & CO. <br><br> Defendants. | No.11-CV-04526-JGK <br><br> ECF CASE |

**aAd PARTNERS LP's MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING <u>MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

#124568

Institutional investor aAd Partners LP ("aAd Partners"), a pooled investment fund operating as a limited partnership and headquartered in Solana Beach, California, respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff, and approval of its selection of Lead Counsel, and in opposition to the competing motion filed by MRMP-Managers LLC ("MRMP").[1]

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which governs the pending motions in this case, directs the Court to "appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of [the] class members" in this litigation.  15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i).  Pursuant to the PSLRA, the presumptively most adequate plaintiff is the investor who: (1) "has the largest financial interest in the relief sought by the class;" and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §77u-1(a)(3)(B)(iii)(I)(bb)-(cc); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

aAd Partners has, by far, the largest financial interest of any movant, otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and accordingly it should be appointed Lead Plaintiff and its selection of Lead Counsel should be approved.  As set forth in the certification filed in support of its motion, aAd Partners has lost in excess of $4.5 million on its purchases of Yuhe International, Inc. ("Yuhe") securities during the Class Period.  As detailed further herein, not only is this the largest loss reported by any movant, but it is nearly ten (10) times larger than the losses of the sole remaining movant, MRMP:

---

[1]   Four movants filed papers seeking appointment as lead plaintiff: (1) aAd Partners; (2) MRMP-Managers LLC ("MRMP"); (3); Daiwu Chen; and (4) Kevin Carroll.  Recognizing that aAd Partners has the largest loss and is an appropriate lead plaintiff, Daiwu Chen and Kevin Carroll have withdrawn their motions for appointment as lead plaintiff. (Docket 25 and 26).

#124568                                           1

| Lead Plaintiff Movant | Amount Of Claimed Loss |
|---|---|
| aAd Partners LP | **$4,558,080.75** |
| MRMP-Managers LLC | $ 459,290.21 |

The competing motion of MRMP should therefore be denied, as its loss is significantly less than that of aAd Partners.

aAd Partners also has made the requisite "preliminary showing" of typicality and adequacy under Rule 23, Fed.R.Civ.P., as provided in the PSLRA, 15 U.S.C. §77z-1(a)(3)(b); 15 U.S.C. §78u-4(a)(3)(b). The claims of aAd Partners are "typical" of the claims of the members of the class, as they arise out of the same course of events and are predicated on the same legal theories as the claims of all class members. aAd Partners satisfies the adequacy requirement because their interests are aligned with those of the other class members. In addition, aAd Partners has retained counsel, Gold Bennett Cera & Sidener LLP, who have proven experience in successfully prosecuting securities class actions, and who are supported by able and effective liaison counsel, Cohen Milstein Sellers & Toll PLLC.

The presumption in favor of aAd Partners can be rebutted only upon "proof" that they "(aa) will not fairly and adequately protect the interest of the class; or (bb) [are] subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Because no other movant can present such proof, aAd Partners should be appointed as Lead Plaintiff and its selection of counsel should be approved.[2]

---

[2] aAd Partners has moved for lead plaintiff appointment in the other jurisdictions where Yuhe related class actions have been filed and, if appointed, will seek to consolidate all such actions in a single forum. The movants who have filed lead plaintiff motions in this Court are also the only

#124568                                            2

## II.     ARGUMENT

### A.     The Procedures Required by the PSLRA for Appointment of Lead Plaintiff

Sections 27 and 21D of the PSLRA provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i).  In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the **largest financial interest** in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  (Emphasis added.)

The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought.  In order to rebut that presumption, the competing movants must offer proof that aAd Partners is not adequate or typical to represent the Class.  *See In re Cardinal Health Inc. Sec. Litig.,* 226 F.R.D. 298, 302 (S.D. Ohio 2005) ("To determine which candidate should be Lead Plaintiff, the Court engages in a two-step inquiry, calculating which candidate has the largest financial interest, and then determining whether the candidate meets the typicality and adequacy requirements of Rule

---

such movants in *Feyko v. Yuhe International, et al.*, No. 11-cv-0551 DDP (C.D.Cal.) and *Wilson v. Yuhe International, et al.*, No. 11-cv-22305-PAS (S.D. Fla.)

#124568                                              3

23(a)."). As set forth herein, aAd Partners is the presumptive Lead Plaintiff and none of the other movants can offer any type of proof to rebut that presumption.

### 1. aAd Partners Has the Largest Financial Interest in This Litigation

While the PSLRA does not specify how to decide which plaintiff has the "largest financial interest" in the relief sought, it is often determined most simply by which potential lead plaintiff has suffered the greatest total losses. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005). The size of a movant's losses are either calculated using the "first-in/first-out" ("FIFO")[3] method or the "last-in/first-out" ("LIFO")[4] method. Using either methodology that the Court chooses to employ, aAd Partners has by far the largest financial interest in this litigation.

In addition to the size of the movant's losses, courts have also looked at other factors in determining a movant's financial interest, the so-called four factor test. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate loss suffered by the plaintiffs. *See In re Fuwei Films Litig.*, 247 F.R.D. 432, 436-437 (S.D.N.Y. 2008); s*ee also, e.g., Baydale v. American Exp. Co.,* No. 09-3016, 2009 WL 2603140, at *2 (S.D.N.Y. Aug 14, 2009). Most courts consider the fourth factor – approximate losses suffered – to be the most important in making the lead plaintiff determination. *See, e.g., In re Orion Sec.*

---

[3]  Under the "first-in/first-out" ("FIFO") method, shares sold during the Class Period are matched with the first share held or purchased at the beginning of the Class Period, whichever comes first.

[4]  Under the "last-in/first-out" ("LIFO") method, a plaintiff's sales of the defendant's stock during the Class Period are matched against the last shares purchased, resulting in an off-set of Class Period gains from a plaintiff's ultimate losses.

#124568                                              4

*Litig.*, No. 08-1238, 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("This Court, like many others, 'shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.'") (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)); *Fuwei Films*, 247 F.R.D. at 437 (same). Applying the four factor test, aAd Partners clearly has the largest financial interest:

| Movant | # of Shares Purchased | # of Net Shares Purchased | Net Funds Expended | Loss[5] |
|---|---|---|---|---|
| aAd Partners | 850,000 shares | 450,000 shares | $4,962,273.88 | $4,558,080.75[6] |
| MRMP | 62,769 shares | 62,769 shares | $ 531,474.56 | $ 459,290.21[7] |

Accordingly, it is the presumptive lead plaintiff.

### 2. aAd Partners Satisfies the Requirements of Rule 23

Under the PSLRA, once a court finds that a movant has the largest financial interest in the litigation and is otherwise adequate and typical, as is the case with aAd Partners here, the court must appoint that plaintiff as lead plaintiff unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See Ferrari v. Impath, Inc.*, No 03 Civ. 5667, 2004 WL 1637053, at *4 (S.D.N.Y. July 20, 2004) ("At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In this regard, the court in *Cavanaugh* stated:

---

[5]   This loss is the same whether computed on a FIFO or LIFO basis.

[6]   The retained shares were assigned a value of $1.10, the closing price on August 22, 2011, the day before the lead plaintiff motions were filed.

[7]   The retained shares were assigned a value of $1.15, the 90-day post Class Period share price average as of August 22, 2011.

#124568                                        5

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732.

aAd Partners satisfies the typicality and adequacy requirements of Rule 23. The claims of aAd Partners are typical of the claims of the rest of the Class because, just like all other Class members, it purchased Yuhe securities during the Class Period in reliance upon the allegedly materially false and misleading statements issued by defendants, and suffered damages thereby. Thus, aAd Partners' claims are typical of those of other class members since its claims and the claims of the other Class members arise out of the same course of events. *See Fuwei Film*, 247 F.R.D. at 436 ("Typicality is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (internal citations omitted). Additionally, it is not subject to any unique defenses.

aAd Partners is also an adequate representative of the Class. As evidenced by the injuries suffered by aAd Partners, which purchased Yuhe securities at prices allegedly artificially inflated by defendant's materially false and misleading statements, the interests of aAd Partners are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between aAd Partners' interests and those of the other members of the Class.

Additionally, aAd Partners is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari*, 2004 WL 1637053, at *3 (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, aAd Partners is

accustomed to acting as a fiduciary and its experience in legal and financial matters, which will substantially benefit the Class.

Congress, in passing the PSLRA, expressed a strong preference for plaintiffs such as aAd Partners to be appointed lead plaintiff. The legislative history of the PSLRA demonstrates this clear Congressional intent:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs.... The Conference Committee believes that ... with pension funds accounting for $4.5 trillion or nearly half of the institutional assets [of the equity market] ... [i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

House Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 34 (1995); *In re Adelphia Communications Corp. Sec. & Derivative Litig.*, No. 03 MD 1529, 2005 WL 2126157 at *2 (S.D.N.Y. Sept. 1, 2005). In keeping with that Congressional intent, courts in this Circuit routinely appoint institutional investors, such as aAd Partners, as lead plaintiffs pursuant to the PSLRA. *See Glauser v EVIC Career Colleges Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006) (appointing an institution as lead plaintiff); *In re Veeco Instruments, Inc., Sec. Litig.*, 233 F.R.D. 330 (S.D.N.Y. 2005).

Further, aAd Partners has taken significant steps which demonstrate that it will protect the interests of the Class; it has retained highly qualified and experienced counsel to prosecute these claims. aAd Partners has selected the law firm of Gold Bennett Cera & Sidener LLP ("GBCS") as Lead Counsel, and Cohen Milstein Seller & Toll PLLC ("CMST") as Liaison Counsel. Both of these firms have substantial experience in the prosecution of shareholder and securities class actions and possess the requisite skill and experience to prosecute this action effectively and efficiently. aAd Partners "possesses sufficient interest to pursue vigorous

prosecution of their claims," and GBCS and CMST are sufficiently "qualified, experienced, and generally able to conduct the litigation." *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004). Accordingly, the adequacy of representation requirement is satisfied at this stage of the proceedings.

Thus, aAd Partners satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion. Accordingly, aAd Partners should be appointed as Lead Plaintiff because its losses are significantly larger than any other Lead Plaintiff movant, and it is otherwise adequate and typical for the purposes of this motion.

### B.     The Competing Motions Should Be Denied

As set forth above, the sole remaining movant, MMRP, claims a far smaller loss than aAd Partners and thus does not possess the largest financial interest in the relief sought by the Class.

Additionally, MMRP does **not** possesses claims arising under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§77k, 77l(a)(a), and 77(o) ("Securities Act Claims") claims that are in the complaint in this case. On the other hand, aAd Partners does have Securities Act Claims based on its purchase of Yuhe securities pursuant to a registration statement and prospectus in Yuhe's public offering, commencing in October 2010 (the "October Offering"). aAd Partners purchased 150,000 shares in the October Offering at $7 per share and therefore has standing to pursue the Securities Act Claims. *See In re IndyMac Mortgage-Backed Sec. Litig.*, 718 F.Supp.2d 495, 502 (S.D.N.Y. 2010). This is significant, as Section 11 imposes strict liability on an issuer of securities for any materially misleading statements in a registration statement, and has no scienter element. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381-82 (1983). Accordingly, the class will be benefited by having aAd Partners as a lead plaintiff because it has standing to pursue the Securities Act Claims.

### III.     CONCLUSION

For all the reasons stated herein, aAd Partners' motion for consolidation, appointment as Lead Plaintiff and for approval of its selection of Lead Counsel and Liaison Counsel should be granted and the competing motions should be denied.

Dated: September 9, 2011                    Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/Kenneth M. Rehns
Kenneth M. Rehns (krehns@cohenmilstein.com)
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

Proposed Liaison Counsel

**GOLD BENNETT CERA & SIDENER LLP**
Solomon B. Cera (scera@gbcslaw.com)
(*Pro Hac Vice* forthcoming)
Thomas C. Bright (tbright@gbcslaw.com)
(*Pro Hac Vice* forthcoming)
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: ( 415) 777-2230
Fax: (415) 777-5189

Attorneys for aAd Partners LP
Proposed Lead Counsel for the Class

## CERTIFICATE OF SERVICE

I, Kenneth M. Rehns, liaison counsel for the Plaintiff, hereby certify that on September 9, 2011, I filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send electronic notification of such filing to all counsel of record in the within action. Furthermore, a copy of the foregoing was delivered to all counsel of record in the related actions via electronic mail.

/s/Kenneth M. Rehns
Kenneth M. Rehns
